# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EMELESIO LEYVA,**
        **Plaintiff,**

        v.        Case No. 07-C-760

**INS SECURITY LAND,**
        **Defendant.**

## ORDER

On August 23, 2007, Emelesio Leyva ("Leyva"), proceeding pro se, filed a complaint against "I.N.S. Security Land," which Lyeva identifies as being located on "10 st and Keefe." Accompanying his complaint is a motion to proceed in forma pauperis.

Leyva indicates in his petition to proceed in forma pauperis that he is currently incarcerated in Washington D.C. and he provides an inmate number. However, Leyva also provides a current address in Milwaukee. A check of the inmate number provided by Leyva with the records of the Federal Bureau of Prisons indicates that the number was registered to the plaintiff and that the plaintiff was released from federal custody on February 8, 2005. Therefore, the court concludes that Leyva is not currently incarcerated and the requirements of the Prison Litigation Reform Act, see 28 U.S.C. § 1915(b)(1), do not apply. The court now addresses the question of whether Leyva should be permitted to proceed in forma pauperis.

Before the court can allow the plaintiff to proceed in forma pauperis, the court is obligated to determine that Leyva is unable to pay the $ 350.00 filing fee and that his case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court

may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A complaint should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Leyva indicates that although he is currently unemployed, as of August 23, 2007, he was employed and earning $10,000.00 per month. However, Leyva failed to complete the rest of the petition to proceed in forma pauperis and therefore the court is unable to determine whether Leyva has the financial ability to pay the filing fee in this matter.

Turning to the merits of the Leyva's complaint, it is difficult to discern the nature of Leyva's claim. The following is Leyva's statement of claim in its entirety:

> I will puting my neme Emelsio Leyva A. I did 20 year's inside the Federal prison for I.N.S. Naw Security Land. 8-23/07. I'm ask for money $10,000,000 fisical damege in my bady mental illnise. Lost vision. Taken my teeth out. broken arms and legds. Thank you. You can have a good day.

Later in his complaint, in the portion headed "Relief You Request," Lyeva writes: "Mental illness. Fisical damege. Lost vision. Teeht out. All by oficial. The security land U.S. Marshal, F.B.I., CIA. From 1980 to 2005. And Federal Employeed."

Based upon the information contained in his complaint and motion to proceed in forma pauperis, the court is unable to determine exactly what Leyva's law suit is about or even who precisely he intends to sue. He may be claiming damages for injuries sustained while incarcerated,

2

but it is difficult to tell. Also, the court is not really certain who the named defendant is — "INS Security Land." Does Leyva mean the Immigration and Naturalization Services, which is now part of the Department of Homeland Security? In any event, the court cannot let the complaint proceed as presently drafted.

Rather than dismissing Leyva's petition and his complaint, in light of the fact that he is proceeding pro se, the court shall permit Leyva the opportunity to resubmit a completed petition to proceed in forma pauperis and to amend his complaint to more fully provide the necessary details about who it is that he intends to sue and the basic facts that he believes would support his law suit. If Leyva fails to submit an appropriately amended complaint and a completed motion to proceed in forma pauperis within 30 days of this order, this court shall take the necessary steps to have Leyva's case dismissed. Upon Leyva filing an amended complaint and petition to proceed in forma pauperis, the court shall again review Leyva's motion to proceed in forma pauperis.

**IT IS THEREFORE ORDERED** that within **30 days** of this order, Leyva shall file an amended complaint that more fully explains the nature of his lawsuit and the person(s) or entity he is suing. If Leyva fails to submit an appropriately amended complaint within 30 days of this order, the court shall recommend that his complaint be dismissed.

**IT IS FURTHER ORDERED** that within **30 days** of this order, Leyva shall either pay the filing fee for this matter or submit a completed petition to proceed in forma pauperis. If Leyva fails to submit a completed petition to proceed in forma pauperis or pay the filing fee within 30 days of this order, the court shall recommend that his complaint be dismissed.

Dated at Milwaukee, Wisconsin this <u>24th</u> day of August, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge